UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RUSSELL PUZAUSKY,

    Plaintiff,

v.

NORFOLK SOUTHERN CORPORATION,

    Defendant.

Civil Action No. 2:21-cv-606

## ANSWER TO COMPLAINT

Defendant, Norfolk Southern Corporation ("NSC"), hereby answers the Complaint filed by Plaintiff Russell Puzausky in the above-captioned matter in accordance with the numbered paragraphs thereof as follows:

1. Defendant admits only that Plaintiff has filed this action under the Federal Railroad Safety Act, 49 U.S.C. § 20109 ("FRSA"). Any remaining allegations in paragraph 1 of the Complaint are denied. Defendant specifically denies that it is a "railroad carrier" subject to the FRSA.

### JURISDICTION

2. Admitted.

### PARTIES

3. Admitted on information and belief.

4. Admitted.

5. Admitted in part; denied in part. Defendant admits that it has employees in and does business within the Western District of Pennsylvania. Defendant denies that it operated trains in the Western District of Pennsylvania. On the contrary, Norfolk Southern freight trains are operated by NSC's operating subsidiary, Norfolk Southern Railway Company.

## FACTS

6. Denied. Defendant NSC is not a railroad carrier. Defendant NSC owns Norfolk Southern Railway Company, which is a railroad carrier providing interstate railroad transportation.

7. Denied. Defendant denies that it violated the FRSA in any way. Defendant further denies that Plaintiff was employed by NSC. By way of further answer, Defendant states that Plaintiff was employed by Norfolk Southern Railway Company.

## COUNT I: FRSA CAUSE OF ACTION

8. Denied as stated. Plaintiff was employed by Norfolk Southern Railway Company not Defendant NSC.

9. Admitted in part; denied in part. Defendant admits that Plaintiff was qualified as and worked as a locomotive engineer for Norfolk Southern Railway Company and most recently worked primarily at Conway Yard. Any remaining allegations in paragraph 9 of the Complaint are denied.

10. Admitted in part; denied in part. Defendant admits only that between December 2019 and March 2020, Plaintiff reported that locomotives failed to comply with various rules and regulations, and that some trains operated by Norfolk Southern Railway Company carry hazardous materials. Defendant denies that Plaintiff reported any locomotive defects to Mr. Michaels. Any remaining allegations in paragraph 10 of the Complaint are denied.

11. Denied as stated. Defendant admits only that Plaintiff made a number of reports regarding locomotive defects. Defendant denies that in each instance the alleged defect rendered the locomotive unsafe. Any remaining allegations in paragraph 11 of the Complaint are denied.

12. Admitted.

13. Denied.

14. Denied.

15. Denied.

16 Denied.

17. Denied.

18. Denied.

19. Admitted.

20. Denied as stated. Defendant admits only that there was sleet and freezing rain. Defendant denies Plaintiff's characterization of the road conditions as "hazardous" and "very slippery."

21. Admitted.

22. Denied.

23. Denied.

24. Admitted.

25. The allegations in paragraph 25 refer to a written e-mail that speaks for itself.

26. Defendant admits only that Plaintiff told Mr. Keller that he was going to report his driving to Mr. Myrick. Any remaining allegations in paragraph 26 of the Complaint are denied.

27. The allegations in paragraph 27 refer to written Job Aids that speak for themselves. By way of further answer, Defendant admits that Job Aids provide timelines for train crews to follow for completing tasks and identify triggers that may cause a crew to be late in completing their work. Defendant denies the characterization of the Job Aid as imposing obligations only on Conductors.

28. Defendant admits only that Plaintiff was a Locomotive Engineer. By way of further answer, Defendant states that all members of a train crew, including Locomotive Engineers, are responsible for the safe and efficient operation of trains operated by Norfolk Southern Railway Company, and are properly subject to disciplinary action for causing unnecessary delays in train operations.

29. Defendant incorporates its responses to paragraphs 27 and 28 of the Complaint.

30. Denied.

31. Denied.

32. Denied as stated. Defendant admits only that Mr. Michaels provided a copy of a Job Aid to Plaintiff on March 5, 2020 and that the Job Aid related to the C28 assignment that Plaintiff was working the next day. Defendant denies that this was the first time that Plaintiff had been given a Job Aid for the C28. Any remaining allegations in paragraph 32 of the Complaint are denied.

33. Denied.

34. Admitted in part; denied in part. Defendant admits only that the Job Aid for the C28 identifies the time allotted for a train crew to board a locomotive and couple to equipment. Defendant denies any inference that Plaintiff was unaware of this fact prior to March 5, 2020. Any remaining allegations in paragraph 34 of the Complaint are denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

LEGAL\52353368\1

40. Denied.

41. Denied.

42. Denied.

43. Defendant admits only that the charging officer for the investigation into Plaintiff's misconduct was Mr. Michaels, and that Mr. Michaels is a colleague of Mr. Keller. Any remaining allegations in paragraph 43 of the Complaint are denied.

44. Admitted. By way of further answer, Defendant states that the charges against Plaintiff are in writing and speak for themselves.

45. Denied.

46. Denied.

47. Denied.

48. Denied. By way of further answer, Defendant states that any dispute about whether the investigation complied with the contractual requirement that Plaintiff receive a "fair and impartial" investigation prior to being disciplined is subject to the exclusive jurisdiction of the National Railroad Adjustment Board pursuant to Section 3, First of the Railway Labor Act, 45 U.S.C. § 153, First ("RLA"), and any claims related to an alleged failure to comply with that contractual requirement are precluded by the mandatory and exclusive dispute resolution procedures provided under the RLA.

49. Denied.

50. Denied.

    a. Defendant admits that Mr. Diffenderfer refused to allow into evidence written statements purportedly provided by other employees who were not present to testify. By way of further answer, Defendant states that Mr. Diffenderfer's actions were consistent with the

5
LEGAL\52353368\1

way in which other hearing officers presiding over formal investigations conducted pursuant to the applicable collective bargaining agreement have treated hearsay statements. Defendant further states that any claim that the investigation hearing failed to comply with the requirements of the applicable collective bargaining agreement is subject to the exclusive jurisdiction of the National Railroad Adjustment Board pursuant to Section 3, First of the RLA, and is precluded by the mandatory and exclusive dispute resolution procedures provided under the RLA.

    b.    Denied.

    c.    Denied. By way of further answer, Defendant states that any claim that the investigation hearing failed to comply with the requirements of the applicable collective bargaining agreement is subject to the exclusive jurisdiction of the National Railroad Adjustment Board pursuant to Section 3, First of the RLA, and is precluded by the mandatory and exclusive dispute resolution procedures provided under the RLA.

51.    Defendant admits only that Mr. Keller and Mr. Michaels were witnesses at the investigation. Any remaining allegations in paragraph 51 of the Complaint are denied.

52.    Denied.

    a.    Denied.

    b.    Denied.

    c.    Denied.

    d.    Denied.

53.    Defendant admits only that Mr. Michaels was the charging officer for Plaintiff's investigation. Any remaining allegations in paragraph 53 of the Complaint are denied. By way of further answer, Defendant incorporates its answer to paragraph 28 of the Complaint.

54. The first sentence of paragraph 54 of the Complaint is denied. The second sentence is admitted.

55. Denied.

56. The allegations in paragraph 56 refer to two sections of the FRSA, which are in writing and speak for themselves.

57. The allegations in paragraph 57 of the Complaint state conclusions of law to which no response is required. To the extent the allegations in paragraph 57 of the Complaint may be deemed to be factual in nature, they are denied.

58. The allegations in paragraph 58 of the Complaint state conclusions of law to which no response is required. To the extent the allegations in paragraph 58 of the Complaint may be deemed to be factual in nature, they are denied.

59. Defendant denies that Plaintiff was subject to "harassment, intimidation and wrongful termination" as alleged in paragraph 59 of the Complaint. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegation that "Plaintiff has suffered severe emotional and psychological injuries and/or aggravation of pre-existing emotional and psychological injuries," and therefore denies same.

60. Defendant admits that Plaintiff's OSHA complaint was timely filed on September 3, 2020. Any remaining allegations in paragraph 60 of the Complaint are denied.

61. Defendant admits only that OSHA commenced an investigation into Plaintiff's complaint. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the veracity of the remaining allegations in paragraph 61 of the Complaint, and therefore denies same.

62. The allegations in paragraph 62 of the Complaint state conclusions of law to which no response is required.

63. The allegations in paragraph 63 of the Complaint state conclusions of law to which no response is required.

64. Defendant admits only that Plaintiff is bringing this action pursuant to 49 U.S.C. § 20109(d)(3) and that this section of the statute provides federal district courts with jurisdiction over claims arising under the FRSA without regard to the amount in controversy. Any remaining allegations in paragraph 64 of the Complaint are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Defendant NSC is not a "railroad carrier" subject to the whistleblower protection provisions of the FRSA.

3. Plaintiff's claims are barred, in whole or in part, to the extent he failed to comply with any of the procedural requirements of the FRSA, and therefore failed to exhaust administrative remedies. To the extent Plaintiff's claims in this case raise claims that were not asserted in the complaint Plaintiff filed with OSHA, those claims must be dismissed.

4. To the extent to which the Secretary of Labor's delay in rendering a final decision on Plaintiff's claims extended beyond 210 days due to Plaintiff's bad faith, this Court lacks jurisdiction over the subject matter of this action

5. Plaintiff is not entitled to some or all of the relief requested as a matter of law.

6. Plaintiff has failed to mitigate his damages.

7. Plaintiff's claims are precluded, in whole or in part, by the Railway Labor Act.

8. Plaintiff's claims for damages may be barred, in whole or in part, by the doctrine of after acquired evidence.

9. Norfolk Southern Railway Company would have taken the same actions with respect to Plaintiff without regard to any allegedly protected activity in which Plaintiff claims to have engaged.

10. Norfolk Southern Railway Company's actions with regard to Plaintiff were taken for reasonable and legitimate, non-discriminatory business reasons, and Plaintiff has not alleged circumstances sufficient to raise the inference that his alleged protected activity was a contributing factor in any alleged adverse employment action.

11. Defendant cannot be liable for punitive damages based on actions of its employees to the extent those employees acted contrary to Defendant's policies and procedures.

12. Punitive damages are inappropriate under the facts of this case, and any award of punitive damages would violate the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

13. To the extent Plaintiff seeks punitive damages, such damages are barred because the alleged acts or omissions of Defendant fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious or reckless intent to deny Plaintiff his protected rights, and are not so wanton or willful as to support an award of punitive damages. Plaintiff has failed to state a claim for punitive damages under any law.

14. Defendant avers and preserves all defenses available to Defendant against Plaintiff's FRSA claim and requests for relief in the Complaint, including those available to Defendant under FRSA.

15. At the time of the filing of this Answer, Defendant has not commenced discovery in this action and specifically reserves the right to amend or supplement its Answer upon the discovery of additional information or defenses in the future up to and including the time of trial.

WHEREFORE, Defendant, Norfolk Southern Corporation respectfully requests that Plaintiff's Complaint be dismissed with prejudice, and that Defendant be awarded its costs and reasonable attorneys' fees, along with such other relief as the Court may deem to be just and proper.

Respectfully submitted,

*/s Robert S. Hawkins*
ROBERT S. HAWKINS
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215)665-2015 (phone)
(646)461-2097 (fax)
rhawkins@cozen.com

Attorneys for Defendant
Norfolk Southern Corporation

Date: June 3, 2021